On parties' joint motion for reconsideration filed April 10, reconsideration allowed; opinion (139 Or App 433, 912 P2d 925) modified and adhered to as modified May 29, 1996

In the Matter of the Marriage of

Brenda M. ISHAM,
*Respondent,*

*and*

Gary Clayton ISHAM,
*Appellant.*

(L920795 CV; CA A85316)

917 P2d 75

Russell Lipetzky and Saucy and Lipetzky filed the motion for appellant.

Eric Larson and Gevurtz, Menashe, Larson & Yates filed the motion for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Husband and wife jointly move for reconsideration, seeking clarification of our previous opinion. *Isham and Isham*, 139 Or App 433, 912 P2d 925 (1996). We allow reconsideration and modify our opinion. ORAP 6.25.

In our previous opinion, we held that wife had overcome the statutory presumption of equal contribution as to her two-thirds interest in a ranch on which a stand of timber exists, but nevertheless concluded that it would not be just and proper to omit the interest in the ranch and the timber from the property division equation. We also concluded that there were just and proper reasons to grant wife a disproportionate share of the parties' assets. We therefore vacated the offsetting equalizing judgment granted to husband by the trial court, awarded husband the timber, and otherwise affirmed the trial court's disposition.[1] The parties agree that, subsequent to the trial court's judgment, wife harvested some of the timber, a fact about which we were unaware until the motion for reconsideration was filed. As a result, we modify our previous opinion to award husband the *value* of the timber interest at the time of trial, and remand the case to the trial court for rehearing in order to render judgment consistent with this and our prior opinion.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] Husband interprets our previous decision as intending "to make an equal division of the parties' assets, (excluding the value of the ranch and timber), and to then add to husband's one-half of those assets the value of the timber[.]" That interpretation is incorrect.